IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE EUSEBIO PALACIOS-PALACIOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:25-cv-530 |
| | ) | Judge Stephanie L. Haines |
| PAMELA BONDI, *Attorney General of the* | ) | |
| *United States et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

Jose Eusebio Palacios-Palacios ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") on December 17, 2025, (ECF No. 1).  On January 7, 2026, the Court ordered service of the Petition (ECF No. 2).  Laura Schleich Irwin, of the United States Attorney's Office entered her appearance for Respondents on February 25, 2026 (ECF No. 3).  On March 6, 2026, Respondents, in a Notice of Suggestion of Mootness (ECF No. 5), informed the Court that they were advised by Department of Homeland Security and Immigration Customs Enforcement that Petitioner received a bond hearing and was ordered released upon a posting of bond of $4,000. ECF No. 5, p. 1.  This information was confirmed by Counsel for Petitioner as indicted in the Notice and by way of a Response to the Order to Show Cause. *Id.*; ECF Nos 6, 9.

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013).  It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "To invoke the jurisdiction of a federal court, a litigant

1

must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48; *Keitel*, 729 F.3d at 280. Given Petitioner's release on bond, there is no remedy that the Court can provide. Therefore, the Petition and any pending motions are moot.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 7th day of April, 2026, IT IS ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) hereby is DISMISSED as moot; and,

The Clerk of Court is to mark this case Closed.

Stephanie L. Haines
United States District Judge

2